**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Thames W. BAXTER, a/k/a Jim, Stafford L. Still, Allen D. Dobbins, Defendants-Appellants.**

**No. 82–3197.**

United States Court of Appeals, Eleventh Circuit.

June 7, 1984.

and find them meritless.

Margaret Palmer, Ocala, Fla., for Baxter.

W. Gregg McCaulie, Jacksonville, Fla., for Still.

James A. Shook, Ocala, Fla., for Dobbins.

Thomas E. Morris, Asst. U.S. Atty., Jacksonville, Fla., for plaintiff-appellee.

Before GODBOLD, Chief Judge, TJOFLAT and HENDERSON, Circuit Judges.

PER CURIAM:

Still, Baxter, and Dobbins appeal from their convictions of conspiracy to import marijuana from Jamaica and conspiracy to possess more than 1,000 pounds of marijuana with intent to distribute.

Testimony and taped conversations described the Jamaica conspiracy and another conspiracy, involving other persons not defendants in this case and not participants in the Jamaica conspiracy, to import marijuana from Colombia. Still was introduced to the Jamaica conspiracy by confidential informant Hackney. Still admits his participation but claims that he was entrapped because he was overborne by Hackney. Baxter and Dobbins also admit that they participated in the Jamaica conspiracy. They too claimed that they were entrapped, and they assert that they have no criminal intent because in good faith they thought they were cooperating informants helping a

local police officer who was engaged in investigating the Jamaica conspiracy.

### Still

■ The entrapment defense was submitted to the jury as to all defendants. Still contends there was insufficient evidence of his predisposition because his testimony was more believable than that of Hackney, with whom he dealt. The credibility choice between Still and Hackney was for the jury.

■ There was no error in denying Still's motion for a severance from his co-conspirators. His entrapment defense was not inconsistent with the defense of Baxter and Dobbins. Still says he was overborne by Hackney. Baxter and Dobbins say they participated as helpers for the local police. Still also contends that the Baxter/Dobbins defense, based on a different set of occurrences than those involving Still but also involving informant Hackney, was so feeble that the jury was bound to accept as correct Hackney's version of these other events. Hackney, having thus achieved credibility, would also be believed by the jury in the credibility contest between him and Still concerning Still's entrapment claim. No authority is cited to support this theory for requiring a severance, and we know of none.

Still questions as barred under F.R.Evid. 404(b) the admission of evidence of the Colombian conspiracy as evidence of his bad character. But he acknowledges in his brief that the testimony did not directly implicate him in the Colombian conspiracy. This ends the point.

### Baxter

In oral argument on the issue of Baxter's predisposition, the prosecutor referred to evidence that a plane crash, occurring prior to the Jamaica conspiracy and involving Baxter, had arisen out of drug smuggling activities. Baxter acknowledges that the crash was mentioned many times in live testimony and on the tapes but says that it was never linked to drugs. The contention approaches the frivolous. On tapes of conversations of Baxter with Hackney and

agent Martinez, Baxter talked at length of his many activities that a jury could identify—in fact inevitably would identify—as drug related. Baxter told of the crash in Jamaica. He described the accident as involving a bladder tank, a fuel storage device often used by smugglers to extend their distance capability. He spoke of losing in the crash a suitcase containing almost $300,000. He told of experiences flying to Colombia and to Jamaica and boasted of two flights in which he landed his plane and left the plane so that he would not know who unloaded it. Defendant Still stated that Baxter had cracked up "down there" and because of that "the people" were going to give him a load.

Baxter's contention that he was entitled to a judgment of acquittal because the evidence showed that as a matter of law he thought in good faith that he was acting as an informant for the local police is entirely lacking in merit.

### Dobbins

■ Dobbins's own testimony implicated him in the Jamaica conspiracy, but he suggests that he was entitled to judgment of acquittal because as a matter of law he was helping Baxter serve as informant for the local police. This was a jury issue, and it is obvious that the jury rejected Dobbins's explanation, as they did Baxter's.

■ The evidence was sufficient to submit to the jury the conspiracy to distribute count against Dobbins. The testimony established that he knew the quantity of marijuana and knew that it was to come into the United States.

Admission of evidence of the Colombian conspiracy was not reversible error as to Dobbins, just as it was not as to Still. Dobbins was related only tangentially, if at all, to the Colombian conspiracy.

■ The court correctly denied Dobbins's motion for new trial on the ground of newly discovered evidence. The alleged new evidence was that, orally and while not under oath, informant Hackney had recanted his identification of Dobbins as having

**1446**

met him in Jamaica. At trial Dobbins's counsel had conceded that Dobbins was at the Jamaica meeting but contended that Dobbins lacked criminal intent because he thought he was there as an assistant informant to Baxter. As the court pointed out, the identification of Dobbins as a person present at a meeting he admitted attending was hardly a trial issue. Moreover, the trial court was furnished Hackney's affidavit in which he denied engaging in the post-trial discussion during which the oral recantation allegedly was made. The court was not required to have a hearing on the motion and properly denied it.

AFFIRMED.